IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. KARCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-825-JPG |
| v. | ) |
| | ) |
| ROGER MULCH, Sheriff, and | ) |
| CISSY BROWN, Nurse. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Donald E. Karch's motion for a temporary restraining order (Doc. 1). In keeping with its responsibility to liberally construe *pro se* pleadings, the Court construed plaintiff's complaint (Doc. 1) as a motion for a temporary restraining order. Defendants Roger Mulch and Cissy Brown filed a response in opposition to the motion for a temporary restraining order (Doc. 26). The Court held an emergency hearing on plaintiff's motion on August 6, 2012, at which counsel for plaintiff and defendants were present.

**I. Background**

Plaintiff is currently incarcerated at the Jefferson County Justice Center awaiting trial on state felony methamphetamine charges. He filed his *pro se* complaint alleging that the batteries in his pacemaker were dead and he feared for his life. He further alleged that Defendants failed to provide him with medical care to remedy his inoperable pacemaker battery and thus were deliberately indifferent to his medical needs in violation of the Eighth Amendment. At the hearing, plaintiff offered only his own testimony in which he stated that his pacemaker was nine years old and the batteries were not supposed to last longer than nine years.

Defendants, however, maintain that jail medical staff examined plaintiff at least seventeen different times and medical staff at Good Samaritan Regional Health Center examined plaintiff on two different occasions during his time in custody. Specifically, on August 1, 2012, hospital staff at the Good Samaritan Regional Health Center tested plaintiff's pacemaker and found that its batteries were working properly. Plaintiff informed the Court that during the examination he tampered with the machine used to check his pacemaker battery because he believed it was the incorrect machine. As proof of plaintiff's medical treatment, Defendants attached notes from the Jefferson County Justice Center and medical records from the Good Samaritan Regional Health Center. Defendants further asserted that jail medical staff would be available to plaintiff in the future.

## II. Analysis

A court may enter a temporary restraining order in a civil action regarding prison conditions. 18 U.S.C. § 3626(a)(2).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

*Id*. When deciding a motion for temporary injunction, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate

2

remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

In order to establish the requisite likelihood of success on the merits, plaintiff must show he is likely to succeed on his deliberate indifference claim. The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain, made applicable to the states through the Fourteenth Amendment, forbids deliberate indifference to a *prisoner's* serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 101, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000). While the Eighth Amendment protects prisoners from deliberate indifference to a serious medical need, arrestees and pretrial detainees are given similar protections under the Fourteenth Amendment's due process clause. *Chapman v. Keltner*, 241 F.3d 842 (7th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000)). To prevail on such a claim, a prisoner must show (1) that he had an objectively serious medical need and (2)

3

that the official knew that the medical need was serious but disregarded it. *Johnson*, 444 F.3d at 584; *Zentmyer*, 220 F.3d at 810.

An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Johnson*, 444 F.3d at 584-85 (quotations omitted). A serious medical condition need not be life-threatening, but it should constitute "a denial of the minimal civilized measure of life's necessities." *Id*. at 585 (quotations omitted).

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need."); *Farmer*, 511 U.S. at 835. Negligence is not enough. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (citing *Estelle*, 429 U.S. at 104-05).

Here, defendants do not deny that an inoperable pacemaker poses a serious medical need. Accordingly, plaintiff's Eight Amendment claim will turn on whether defendants were deliberately indifferent to his medical need. Defendants produced records evidencing that jail staff and a local hospital had treated plaintiff on multiple occasions. Those records indicated that a test of plaintiff's pacemaker battery showed it was properly functioning. The Court finds those records to be credible. As such, the plaintiff cannot show that defendants were deliberately indifferent to his medical needs. Further, the Court finds it particularly relevant that plaintiff, by his own admission, attempted to thwart the relief which he sought by tampering with the

4

machine used to test his pacemaker battery. Accordingly, the Court finds that there is no imminent threat to plaintiff's health, safety or welfare, and plaintiff has not shown a likelihood of success on the merits.

### III. Conclusion

Thus, the Court **DENIES** plaintiff's motion for a temporary restraining order (Doc. 1). The Court further **DENIES** plaintiff's motion asking the court for protection from defendants. (Doc. 23).

The Court previously appointed attorney William Alexander to represent plaintiff. Accordingly, the Court **DENIES** plaintiff's subsequent motion to appoint counsel (Doc. 22).

**IT IS SO ORDERED.**

**DATED:** August 8, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**